# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HASSAN JUNIOUS a/k/a Robert Junious,   :
   :
          Petitioner,   :
   :      CIVIL ACTION
      v.   :
   :      NO. 13-1201
CITY OF PHILADELPHIA *et al.*,   :
   :
   :
          Respondents.   :

## MEMORANDUM

YOHN, J.                                           May 17, 2013

The Commonwealth of Pennsylvania has charged petitioner, Hassan Junious, with various state crimes and detained him pending trial. Junious files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release and dismissal of the charges due to the Commonwealth's delay in trying him. For the reasons set forth below, I will dismiss the petition without prejudice because Junious has not exhausted his state court remedies.

Junious was arrested on October 9, 2011, and a criminal complaint was filed the next day. (*Commonwealth v. Junious*, Docket Nos. CP-51-CR-0000504-2012 and CP-51-CR-0000533-2012 (Ct. Com. Pl. of Phila. Cnty.).) On March 6, 2013, Junious filed a federal habeas petition that he had drafted himself; I ordered the clerk to provide him with the current standard forms for filing a section 2241 petition and had him re-file. He filed the standard-form petition on March 18, 2013.[1] The government responded on May 1, 2013, and Junious replied on May 8, 2013.

---

[1] I will only consider the assertions in the latter, standard-form petition. *See* E.D. Pa. Local R. Civ. P. 9.3(a) ("All petitions for writs of habeas corpus . . . shall be filed on forms provided by the Court . . . . Ordinarily, the court will consider only those matters which are set forth on the forms provided by the court.").

Junious's sole contention: "The Commonwealth ha[s] failed to get me to trial in a timely fashion. It has been [seventeen months] and I have been to trial. Surely this is a violation of Due Process and [e]qual rights. (5th and 14th Amendments of the U.S. Const.)." (Pet. under § 2241 at 3.) I believe the petition can be fairly read as bringing a speedy trial claim (derived from the Sixth Amendment, but incorporated against the states via the Fourteenth Amendment); a due process claim; and an equal protection claim. Junious elsewhere asserts a violation of Pennsylvania Rule of Criminal Procedure 600, but this is not by itself a cognizable grounds of federal habeas relief. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *Estelle v. McGuire*, 502 U.S. 62, 67-68, n.2 (1991) ("state-law violations provide no basis for federal habeas relief").

The government asserts that Junious has not exhausted his cognizable habeas claims. "Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "A claim is exhausted if it was 'fairly presented' to the state courts." *Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007). "Fair presentation requires giving the state court the 'first opportunity to hear the claim sought to be vindicated in [the] federal habeas proceeding[.]'" *Greene v. Palakovich*, 606 F.3d 85, 93 (3d Cir. 2010) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971) (alterations in the original)). "In this first opportunity, the habeas petitioner need merely present federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.  In other words, the claims raised in the state courts must be substantially equivalent to the claim pressed in the federal

court." *Id.* (internal quotations, citations, and alterations omitted). "The habeas petitioner carries the burden of proving exhaustion of all available state remedies." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

According to the government, Junious has filed a number of pro se motions before the Court of Common Pleas for Philadelphia County seeking relief pursuant to Rule 600. The government argues that these motions do not satisfy the "fair presentation" requirement for two reasons. First, Junious is represented by counsel and therefore the state court did not consider his pro se motions as a matter of Pennsylvania procedure. *See, e.g.*, *Robertson v. Allegheny Cnty. Court of Common Pleas*, No. 12-1080, 2012 WL 4712034, at *2 (W.D. Pa. Aug. 22, 2012), *report and recommendation adopted*, 2012 WL 4712012 (W.D. Pa. Oct. 3, 2012). Second, the motions relied only on Rule 600 and failed to assert federal constitutional violations.

It is not clear how many Rule 600 motions Junious has filed, and it is not clear whether he raised his constitutional claim in state court. The full record is not before me. Nevertheless, the burden is on Junious to prove exhaustion, and he has failed to do so. Junious was alerted to the issue of exhaustion both by the petition forms and the government's response. But he never even avers that he asked for relief under the Sixth or Fourteenth Amendments in state court. (*See* Pet'r's Objections pursuant to Def.'s Resp.) Therefore, I cannot say that Junious has "fairly presented" his claims such that the state court would be aware of their federal constitutional basis. *See, e.g.*, *Parker v. Giorla*, No. 12-5293, 2012 WL 6021139, at *3 (E.D. Pa. Nov. 2, 2012) (where state prisoner relies solely on Rule 600, he does not fairly present a federal constitutional claim), *report and recommendation approved*, 2012 WL 6021196 (E.D. Pa. Dec. 4, 2012). The petition must be dismissed for lack of exhaustion.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). *See also United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000) (explaining that section 2253(c)(1)(A) applies to both section 2254 and section 2241 petitions brought by state prisoners), *abrogated on other grounds by Gonzales v. Thaler*, 132 S. Ct. 641 (2012). "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a [certificate of appealability] must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzales*, 132 S. Ct. at 648 (internal quotation marks omitted). My procedural ruling is not reasonably debatable. Therefore, no certificate of appealability will issue.

I do not address whether a petitioner's pro se filings can exhaust his claims even where he is represented by counsel. I do not express any opinion as to the merits of Junious's habeas claims. I merely conclude that Junious has not proven that he raised his federal claims in state court. An appropriate order follows.